**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Charles J. Channing** | Social Security number or ITIN **xxx–xx–4703** |
| | First Name   Middle Name   Last Name | EIN _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court | **WESTERN DISTRICT OF PENNSYLVANIA** | |
| Case number: | **19–22380–JAD** | |

# Order of Discharge                                                                                                       12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Charles J. Channing

10/23/19                                                                                  **By the court:**   <u>Jeffery A. Deller</u>
                                                                                                                United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                        Case No. 19-22380-JAD
Charles J. Channing                                           Chapter 7
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0315-2         User: admin              Page 1 of 1        Date Rcvd: Oct 23, 2019
                             Form ID: 318             Total Noticed: 9
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 25, 2019.
```
db             +Charles J. Channing,    97 North Bryant Avenue,    Pittsburgh, PA 15202-3305
15070412       +Mr. Cooper Mortgage,    350 Highland Drive,    Lewisville, TX 75067-4488
15070413        Phillips & Cohen Associates,    1002 Justison Street,    Wilmington, DE 19801-5148
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 24 2019 02:52:27      Pennsylvania Dept. of Revenue,
                 Department 280946,   P.O. Box 280946,   ATTN: BANKRUPTCY DIVISION,
                 Harrisburg, PA  17128-0946
cr             +E-mail/Text: kburkley@bernsteinlaw.com Oct 24 2019 02:53:06      Duquesne Light Company,
                 c/o Bernstein-Burkley, P.C.,   707 Grant Street, Suite 2200, Gulf Tower,
                 Pittsburgh, PA 15219-1945
15070408       +EDI: TSYS2.COM Oct 24 2019 06:38:00      Barclays Bank Delaware,   125 S West Street,
                 Wilmington, DE 19801-5014
15070409        EDI: DISCOVER.COM Oct 24 2019 06:38:00      Discover,   P.O. Box 3025,
                 New Albany, OH 43054-3025
15070410       +EDI: DISCOVERPL Oct 24 2019 06:38:00      Discover Personal Loan,   P.O. Box 30954,
                 Salt Lake City, UT 84130-0954
15070411        EDI: USBANKARS.COM Oct 24 2019 06:38:00      Elan Financial Services,   P.O. Box 6354,
                 Fargo, ND 58125
                                                                                              TOTAL: 6

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER
                                                                                   TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 25, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 23, 2019 at the address(es) listed below:
```
              James Warmbrodt    on behalf of Creditor    NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER
               bkgroup@kmllawgroup.com
              Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Natalie Lutz Cardiello    ncardiello@comcast.net,   ncardiello@ecf.axosfs.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Shawn N. Wright    on behalf of Debtor Charles J. Channing shawn@shawnwrightlaw.com,
               wrightshawn@hotmail.com;wrightshawn49@gmail.com;wrightshawnecf@gmail.com;audrey@shawnwrightlaw.co
               m
                                                                                             TOTAL: 5
```